UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-23166-CIV-MORENO

JAIRO ALEXANDER GARCIA and MARIA
ISABEL RODRIGUEZ GAVIRIA,

    Plaintiffs,

vs.

DIAMOND MARINE LTD., and THE ESTATE
OF FRANCESCO LEGGIO LO CURTO,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT ESTATE OF FRANCESCO LEGGIO LO CURTO'S MOTION TO DISMISS

### I. Background

This is a case brought under the Fair Labor Standards Act ("FLSA") for unpaid minimum wage. Plaintiffs are husband and wife, and they worked for the decedent, Francesco Leggio Lo Curto, as live in domestic and landscaping help from January 2, 2003 through about February 13, 2013. Plaintiffs allege that the decedent and Defendant Diamond Marine Ltd. were Plaintiffs' joint employers. Decedent Leggio died on January 18, 2013. Plaintiffs' further allege that they were paid by joint checks from decedent and Defendant Diamond Marine.

Defendant Estate of Francesco Leggio Lo Curto ("the estate") has moved to dismiss the Complaint, arguing that the estate is an improper party and that Plaintiffs have failed to properly effectuate service of process and have failed to establish personal jurisdiction over the estate or the estate's personal representative. Decedent Leggio was a citizen of Venezuela, but, according to Plaintiffs, spent the majority of his time in Miami. The estate is being probated in Venezuela, and

the personal representative of the estate is Venezuelan. The estate has not identified the its personal representative to Plaintiffs. The Plaintiffs served Abrahm Smith, Esq., an attorney who had done work for the decedent and the decedent's family in the past, but the estate has denied that Smith is the estate's personal representative. Defendant Diamond Marine has not yet been served.

The Court finds that the estate is not a proper party and that Smith is not the personal representative of the estate, and thus, the service on Smith was ineffective to subject the estate to the jurisdiction of the Court. Therefore, Defendant's Motion to Dismiss is GRANTED. However, Plaintiffs are provided with leave to amend the Complaint and join necessary parties. Plaintiffs shall file their amended complaint no later than **December 2, 2013**. The Court does not reach the Defendant's personal jurisdiction arguments at this time.

## II. Analysis

### A. Proper Party

Under an *Erie* analysis, "[t]he question of *who* is a proper party is a substantive issue, for which we must rely on state law." *In re Baycol Products Litig.*, 616 F.3d 778, 787-88 (8th Cir. 2010). Under Florida law, a decedent's estate is not a proper party, and the personal representative of the estate must be served in her representative capacity to subject the estate to the jurisdiction of the court. *See Mclendon v. Smith*, 589 So.2d 410, 411 (Fla. Dist. Ct. App. 1991); *See generally* Fla. Prob. R. 5.110(f)(1); *but see Ferguson v. Estate of Campana*, 47 so.3d 838, 842 (Fla. Dist. Ct. App. 2010) (permitting case to continue against the estate of a decedent).

Defendant has argued that the estate is not a proper party under Florida Law. Plaintiff has named the estate, as opposed to the personal representative of the estate acting in a representative capacity, as a Defendant in this case. This was error. As such, the claims against the Leggio estate

should be dismissed. Nevertheless, as discussed below, the 120-day window for service under Rule 4(m) has not closed. Plaintiffs are thus expressly permitted to amend their Complaint to add the proper party defendant.

Furthermore, basic fairness indicates that the dismissal of an improper party does not preclude the joinder of a proper party. "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. The estate is an improper party; the personal representative of the estate *is* a proper party. Thus, dismissing the Complaint as to the estate in no way prejudices the personal representative and does not bar the Plaintiffs from amending their complaint to add a proper party. *See.* Fed. R. Civ. P. 15(a), 21; *Cf. Slade v. U.S. Postal Svc.*, 875 F.2d 814, 816 (10th Cir. 1989).

Plaintiff argues that the proceedings should be governed by Rule 25(a)(1). Rule 25(a)(1) governs the substitution following the death of a party to a suit. At the time of his death, Lo Curto was not a party to this lawsuit. Thus, Rule 25(a)(1) is not applicable. *See* Fed. R. Civ. P. R. 25(a)(1).

### B. Proper Service of Process

The proper procedure for service of process is governed by Rule 4(e). Rule 4(e)(2)(c) provides that an individual may be served by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. Rule 4(e)(2)(c).

Plaintiffs served Abrahm W. Smith, Esq., an attorney who had done work for the decedent. Defendants have filed Mr. Smith's affidavit attesting to the fact that he was not the personal representative or executor of decedent's estate and that he did not have authority to accept service on behalf of the estate, which is being probated in Venezuela. Thus, service of the summons and complaint upon Mr. Smith was not proper service of process on the estate's personal representative.

Nevertheless, Plaintiffs have the opportunity to correct this defective service. Rule 4(m) provides that a defendant shall be served within 120 days after the filing of the complaint. The complaint was filed in this case on September 2, 2013. The 120-day window does not close until December 31, 2013. Plaintiffs are permitted to use the entirety of that window to effect proper service on the Defendant. *See generally Burlington Ins. Co. v. Valencia Co.*, 200 F.R.D. 283, 285 (E.D. Tex. 2001) (permitting plaintiff's counsel to cure defective service within the 120-day window). Plaintiffs are granted until **December 31, 2013** to effect service upon the personal representative of the estate.

### C. Personal Jurisdiction

As a precautionary matter, Defendant estate argues that, even if the personal representative had been properly served, this Court lacks personal jurisdiction over the estate. Because the estate has not been properly served, the Court does not reach the question of personal jurisdiction at this time.

### III. Conclusion

THIS CAUSE came before the Court upon Defendant Estate of Francesco Leggio Lo Curto's Motion to Dismiss **(D.E. No. 12)**, filed on **October 11, 2013**.

THE COURT has considered the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. Plaintiffs may file an amended complaint joining all proper parties no later than **December 2, 2013.**

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of November, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record